Dear Representative Hilliard,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
Does 59 O.S. Supp. 1998, § 725.2[59-725.2] prohibit professionals orother individuals not engaged in the practice of allopathicmedicine or the healing arts from using the title "Doctor" or itsabbreviation?
¶ 1 The Oklahoma Legislature enacted statutes pertaining to the lawful and unlawful practice of the healing arts in 1947, now codified at 59 O.S. 1991 and Supp. 1998, §§ 725.1 to 725.4 (designating the branches) and 731.1 to 731.7 (unlawful practice). The Legislature requires persons performing healing arts to designate a respective branch while performing professional activities:
 Every person who writes or prints, or causes to be written or printed, his name (whether or not the word "Doctor", or an abbreviation thereof, is used in connection therewith) in any manner in connection with such person in any manner engaging in, or in any manner holding himself out as engaging in, any of the branches of the healing art as defined in 59 O.S. 1951 § 702[59-702], must append to his name so written or printed in the same size letters as his name appropriate and generally and easily understood words or letters, which clearly show and indicate the branch of the healing art in which he is licensed to practice and is engaged.
59 O.S. 1991, § 725.1[59-725.1].[1]
¶ 2 Furthermore, Oklahoma expressly restricts which classes of persons may use the doctoral designation when performing the healing arts: 1) podiatrists, 2) chiropractors, 3) dentists, 4) medical doctors and surgeons, 5) optometrists, 6) osteopaths, and 7) psychologists. 59 O.S. Supp. 1998, § 725.2[59-725.2](A). The Legislature restricts unauthorized persons from performing, or holding themselves out as qualified to perform, healing arts without a current State license:
 Except as authorized by the provisions of Sections 492 and 731.5 of this title and [70 O.S. 1991, § 1-116.2[70-1-116.2]], no person shall in any manner engage in, offer to engage in, or hold himself out as qualified to engage in the diagnosis and/or treatment of any human ill unless such person is the holder of a legal and unrevoked license or certificate issued under the laws of Oklahoma authorizing such person to practice the healing art covered by such license and is practicing thereunder in the manner and subject to the limitations provided by the laws of the State of Oklahoma for the issuance of such license or certificate for the practice thereunder.
59 O.S. 1991, § 731.3[59-731.3] (emphasis added).[2]
¶ 3 As provided in Section 731.3, such legislative restrictions are confined to persons who diagnose or treat human illness. "[H]uman illness" is defined at 59 O.S. Supp. 1998, § 731.1[59-731.1] as "any human disease, ailment, deformity, injury or unhealthy or abnormal physical and/or mental condition of any nature." Moreover, the Legislature defines "[d]iagnosis" as "the use professionally of any means for the discovery or determination of any human ill as herein defined, or the cause of an such human ill," while defining "[t]reatment" to include "the use of drugs, surgery, including appliances, manual or mechanical means, or any other means of any nature whatsoever, for the cure, relief, palliation, adjustment or correction of any human ill." 59 O.S.Supp. 1998, § 731.1[59-731.1]. Persons diagnosing or treating human illness, as defined by statute, must fall within the seven classes identified in 59 O.S. Supp. 1998, § 725.2[59-725.2].
¶ 4 The Oklahoma Supreme Court upheld similar legislative restrictions in Taylor v. State ex rel. Rutherford, ruling that, "[t]he practice of any branch of the healing arts certainly affects the health and well-being of the people of Oklahoma and so long as the law regulating such matters is reasonable and nondiscriminatory we think it is not unconstitutional."291 P.2d 1033, 1043 (Okla. 1955). In Taylor, a naturopath[3]
challenged the doctoral designation restrictions prescribed in the healing arts statutes. Observing that it could "conceive of no profession which affects the public welfare more than that of the practice of medicine and allied professions which seek to cure or alleviate human ills," the Court upheld the constitutionality of the statutes. Id. at 1041.
¶ 5 Your inquiry references several professionals outside the healing arts, namely Juris Doctors (J.D.) and Doctors of Philosophy (Ph.D). The Legislature expressly provides that the restrictions on doctoral designations do not apply to "[a]ny legally-qualified person when engaged exclusively in the practice of his particular profession, as defined by law." 59 O.S. Supp.1998, § 731.5[59-731.5](2). Consequently, such restrictions do not apply to attorneys, professors, or other professionals not engaged in the diagnosis or treatment of human illness.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Oklahoma expressly restricts which classes of persons may usethe doctoral designation when performing the healing arts:podiatrists, chiropractors, dentists, medical doctors andsurgeons, optometrists, osteopaths, and psychologists. 59 O.S.Supp. 1998, § 725.2(A). Persons diagnosing or treating humanillness, as defined by 59 O.S. Supp. 1998, § 731.1[59-731.1], must fallwithin the seven classes identified in Section 725.2(A).
2. The Legislature expressly provides that the restrictions ondoctoral designations do not apply to "[a]ny legally-qualifiedperson when engaged exclusively in the practice of his particularprofession, as defined by law." 59 O.S. Supp. 1998, §731.5(2). Consequently, such restrictions do not apply toattorneys, professors, or other professionals not engaged in thediagnosis or treatment of human illness, as defined by 59 O.S.Supp. 1998, § 731.1[59-731.1].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL
[1] The Basic Science Law defined "healing art" to include "any system, treatment, operation, diagnosis, prescription or practice for the ascertainment, cure, relief, palliation, adjustment or correction of any human disease, ailment, deformity, injury or unhealthy or abnormal physical or mental condition." 59 O.S.1971, § 702[59-702], repealed by 1973 Okla. Sess. Laws ch. 48, § 1. This statutory definition, along with the remaining provisions of the Basic Science Law, established by the Legislature in 1937, was repealed in 1973. The Basic Science Law required State certification in the basic sciences — anatomy, physiology, chemistry, bacteriology, and pathology — of all persons seeking licensure in a healing art prior to obtaining a professional license.
[2] Unlawful practice of the healing arts is a misdemeanor punishable by fine or imprisonment. 59 O.S. 1991, § 731.4[59-731.4].
[3] "Naturopathy" is defined as "a drugless system of therapy, making use of physical forces such as air, light, water, heat, massage, etc." Dorland's Illustrated Medical Dictionary 1100 (27th ed. 1988).